ALLEN F. GRAY, petitioner,

*v.*

EDNA J. GRAY, defendant.

[Decided January 22d, 1924.]

In a suit for divorce for adultery the name of the *particeps criminis* should be stated if known, and if not known a description of such party should be given, and an allegation that the adultery was committed with A. B., or if not with A. B., with a person whose name is unknown to petitioner, is not sufficient.

On petition, &c.

*Mr. James A. Butler,* for the motion.

*Messrs. Morten & Melosh,* for the petitioner.

*Mr. Robert Carey,* for the defendant.

BENTLEY, V. C.

This is a motion to strike from a petition for divorce on the ground of adultery the name of a person alleged, upon information and belief, to have committed the offense with the defendant.

I have concluded that the designation of the *particeps criminis* in the amended petition is bad, and that either the name should be stricken therefrom or an amended petition filed. The allegation is that the defendant, during a certain time, "committed adultery with a person who is named Frank Maxwell, according to the petitioner's information," and then, after designating the places of adultery, continues: "But if said person with whom the said defendant committed adultery is not named Frank Maxwell, then said adultery

was committed with a person whose name is unknown to petitioner," describing him. The two hundred and fifty-ninth rule of this court, which has existed unchanged for over fifty years, requires that in suits for adultery the petitioner "shall state the name of the person with whom the adultery was committed, if known, and, if not known, shall set forth the description of the person," &c. For the petitioner to say that he is informed, or someone has told him, or that he has heard, or "according to petitioner's information," is certainly not a naming of the co-respondent within the meaning of this rule. It is true, as pointed out in *Marsh* v. *Marsh, 16 N. J. Eq. 391,* that it is sufficient in pleadings required to be verified to state the matters therein, either positively or upon information, as the case may be, for the reason, of course, that in the latter case the party filing the pleadings is unable to verify or swear to every detail of the same, either in such pleading or at the hearing, and this hiatus can be and is followed up by the oath of some witness having knowledge of the facts thus alleged. But where the pleading is not verified, there is no understanding or belief that the facts are all entirely within the knowledge of the party and, therefore, as in a declaration or complaint at law all facts must be unequivocally and directly pleaded.

It is said in *2 Bish.* § *1325*: "The allegation should state positively, *not from information and belief,* or otherwise in uncertain terms, that at a time and place specified, the defendant committed the carnal act *with a person named,* unless something of this particularity is unknown, when the want of knowledge may be averred as a substitute therefor." It cannot be said that the statement is positive, that the person is *named,* or that there is any want of knowledge that could not be readily discovered if the petitioner would take the requisite steps so to do. There is no reason why the petitioner should not determine definitely whether or not the person named in the petition is the one against whom he intends to produce his evidence. This will result in his knowing, himself, whether the person he now names is the one he intends to convict or not.

Much has been said of the fact that if the Frank Maxwell who now injects himself into this case is the proper party, no injustice is done, and, on the other hand, if he is innocent he has nothing to fear. Practically, I am not able to agree with this reasoning. Innocent men have been convicted. There is no way that I can know at this time that this is not a collusive suit, and the policy adopted by the Divorce act of 1907, I think, clearly indicates that he should be given an opportunity by this method, either to know definitely what he has to meet or, if he is not the individual intended, that his name shall be cleared. There is no reason that the practice of this court should not be flexible enough to deal with a situation such as this when it contravenes the requirements laid down by the rules of the court.

Either the petitioner may amend his petition so as to definitely charge this man or some other as the person with whom the defendant committed adultery or, in the usual way, charge the adultery with some man unknown, but, of course, describe him with all the particularity possible, or else I will advise an order striking the name from the petition. Such amendment shall be made on or before February 1st next.